IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY J. OLIVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-182-CAR |
| | : | |
| Commissioner TYRONE OLIVER, | : | |
| Field Director STAN SHEPARD, and | : | |
| Deputy Field Director BENJAMIN FORD, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER DENYING MOTION FOR EXPEDITED DISCOVERY

Before the Court is Plaintiff Anthony J. Oliver's Motion for Expedited Discovery, wherein Plaintiff seeks to serve written discovery requests and take depositions prior to the Rule 26(f) conference. As explained below, Plaintiff's Motion [Doc. 8] is **DENIED.**

### BACKGROUND

On June 14, 2024, Plaintiff, currently incarcerated in Georgia Department of Corrections ("GDC") custody, filed this § 1983 conditions of confinement action alleging Defendant Tyrone Oliver, the Commissioner of the GDC; Defendant Stan Shepard, the Field Director of the GDC; and Defendant Benjamin Ford, Deputy Field Director of the GDC, violated his Eighth Amendment right to be free from cruel and unusual

1

punishment by forcing him to take part in mandatory outdoor exercise, which caused him injury. Plaintiff alleges Defendants have implemented a mandatory GDC policy requiring all prisoners, without exception, to "run laps, do sit ups, pull ups, and jumping jacks" in the outdoor recreation yard while wearing a full GDC uniform.

Plaintiff served Defendants, but no responsive pleading has been filed. Plaintiff states he intends to file a Motion for Preliminary Injunction to enjoin the enforcement of this policy and moves for expedited discovery to "obtain additional facts . . . as quickly as practicable, so that the Court may consider them in deciding on the motion."[1] Plaintiff seeks to take one or two depositions and propound discovery relating to Defendants' mandatory exercise policies and procedures.

## DISCUSSION

The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a Rule 26(f) discovery conference if ordered by the Court.[2] Federal courts generally allow expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery.[3] To determine whether good cause exists, "the court should weigh the need for quick discovery against the prejudice to the responding party."[4] "Good cause can be shown by establishing some

---

[1] Motion for Expedited Discovery [Doc. 8 at 5].

[2] Fed. R. Civ. P. 26(d) & (f).

[3] *See, e.g., Federal Trade Commission v. On Point Global, LLC*, 2020 WL 32996, at *1 (S.D. Fla., Jan 2, 2020).

[4] *Id.* (citation omitted).

impelling urgency which necessitates action forthwith and excuses giving notice to the other party."[5]

The Court does not find Plaintiff has shown good cause to allow expedited discovery. Plaintiff has failed to provide sufficient information from which the Court can determine the potential burden or prejudice to Defendants. Nor has Plaintiff sufficiently explained what he hopes to gain from this discovery that may be beneficial in evaluating the forthcoming Motion for Preliminary Injunction. At this early stage of the litigation, Plaintiff has failed to show good cause. Thus, Plaintiff's Motion for Expedited Discovery [Doc. 8] is **DENIED.**

**SO ORDERED**, this 3rd day of July, 2024.

>s/ C. Ashley Royal_____
>C. ASHLEY ROYAL, SENIOR JUDGE
>UNITED STATES DISTRICT COURT

---

[5] *TracFone Wireless, Inc. v. CNT Wireless LLC*, 2019 WL 5863911, at *2 (S.D. Fla., Nov. 8, 2019).