IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY J. OLIVER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 5:24-cv-182-CAR |
| | : |
| Commissioner TYRONE OLIVER, | : |
| Field Director STAN SHEPARD, and | : |
| Deputy Field Director BENJAMIN FORD, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER ON MOTION TO PROCEED PRO SE AND MOTION TO ACCESS LAW LIBRARY

Before the Court are Plaintiff Anthony J. Oliver's Motion to Proceed *Pro Se* and Motion for Law Library Access. On June 10, 2025, Plaintiff Anthony J. Oliver, who was represented by counsel McNeill Stokes, filed a Motion to Proceed *Pro Se*. The Court ordered a response from Plaintiff's counsel, who stated that he has no objection to Plaintiff taking over his case *pro se*.[1] Thus, the Court **GRANTS** Plaintiff's Motion to Proceed *Pro Se* [Doc. 38] and **DIRECTS** the Clerk of Court to terminate McNeill Stokes as Plaintiff's attorney of record.

---

[1] Response to Court Order [Doc. 44].

1

On July 17, 2025, Plaintiff moved for access to the law library at Valdosta State Prison Annex, where he is currently incarcerated.[2] Plaintiff alleges prison staff refuse to allow him to use the law library. Officials at Valdosta State Prison are not a party to this action, thus, the Court has no jurisdiction to enforce an injunction against them.[3] Moreover, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."[4] Rather, an "inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to courts in order to attack his sentence or to challenge the conditions of his confinement."[5] Plaintiff has failed to make such a showing. Thus, the Court **DENIES** Plaintiff's Motion for Law Library Access [Doc. 40].

**SO ORDERED**, this 7th day of August, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff further alleges defense counsel refuses to provide him with copies of discovery. At the time Plaintiff filed this Motion, he was still represented by counsel. In Defendants' response to Plaintiff's Motion, defense counsel stated he would provide duplicate copies of any materials Plaintiff is unable to obtain from his former counsel if Plaintiff's counsel withdrew from this case. *See* Response to Plaintiff's Motion [Doc. 42 at 2].

[3] *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Lab'ys*. 72 F.3d 842, 842–43 (11th Cir. 1995) (per curiam) (court lacks subject matter jurisdiction to issue injunction against non-party).

[4] *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

[5] *Id.*