**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANTHONY J. OLIVER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:24-cv-182-CAR** |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| **Field Director STAN SHEPARD, and** | : | |
| **Deputy Field Director BENJAMIN** | : | |
| **FORD,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court are *pro se* Plaintiff's Motion to Continue Discovery seeking to reopen the time for discovery [Doc. 51], Motion for Additional Discovery seeking to propound written discovery exceeding the limits under the Federal and Local Civil Rules [Doc. 52], Motion to Strike seeking to strike Defendants' Answer and enter default judgment against Defendants [Doc. 55], Motion to Appoint Counsel [Doc. 56], Motion for Joinder and to Add Parties seeking leave to file his Second Amended Complaint [Doc. 57], Motion for Leave to Interview Incarcerated Witnesses to Prepare for Trial seeking leave to remotely interview an inmate [Doc. 59], Motion for Leave to Redact and File Confidential Information under Federal Seal [Doc. 60], and Motion for Preliminary Injunction seeking law library access [Doc. 61].

1

For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to Continue Discovery and **EXTENDS** the discovery period to January 6, 2026, and the dispositive motions deadline to February 6, 2026 [Doc. 51]. The Court **DENIES** Plaintiff's Motion for Additional Discovery [Doc. 52], Motion to Strike [Doc. 55], Motion to Appoint Counsel [Doc. 56], Motion for Joinder and to Add Parties [Doc. 57], Motion for Leave to Interview Incarcerated Witnesses to Prepare for Trial [Doc. 59], Motion for Leave to Redact and File Confidential Information Under Federal Seal [Doc. 60], and Motion for Preliminary Injunction [Doc. 61].

## DISCUSSION

### I. Motion to Continue Discovery [Doc. 51]

In his Motion to Continue Discovery, Plaintiff contends the time for discovery should be reopened because after Plaintiff decided to represent himself, defense counsel failed to timely provide Plaintiff with duplicate copies of written discovery provided to his former counsel in accordance with this Court's Orders.[1] Under the Scheduling Order, the time for discovery expired on June 9, 2025.[2] "A party seeking the extension of an already-expired scheduling order [discovery] deadline must show both good cause and excusable neglect."[3] Defendants do not oppose a re-opening and an extension of the discovery period through January 6, 2026, with a corresponding extension of the

---

[1] Doc. 51.
[2] Doc. 31.
[3] *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)).

dispositive motions deadline through February 6, 2026, to enable Plaintiff to serve additional written discovery.[4] The Court finds Plaintiff has shown both good cause and excusable neglect and **GRANTS** Plaintiff's Motion [Doc. 51.] The Court **EXTENDS** the discovery period to January 6, 2026, and the dispositive motions deadline to February 6, 2026.

## II. Motion for Additional Discovery [Doc. 52]

In his Motion for Additional Discovery, Plaintiff seeks permission to serve 167 requests for production of documents, 120 requests for admissions, and 200 interrogatories.[5] According to defense counsel, Plaintiff's former counsel served only requests for admissions upon each of the Defendants, and Plaintiff has not served any other written discovery upon Defendants.[6] Other than his alleged financial inability to conduct depositions, Plaintiff offers no justification for this many written discovery requests which far exceed the number allowed under the Federal and Local Civil Rules.[7] Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 52.] Plaintiff may serve written discovery upon Defendants to the extent allowed under the Federal Rules and the Local Civil Rules. Plaintiff may serve upon each Defendant no more than 10 requests for

---

[4] Doc. 54.
[5] Doc. 52 at 2.
[6] Doc. 54 at 1.
[7] Doc. 52 at 2.

production of documents,[8] 15 requests for admission,[9] and 25 written interrogatories, including all discrete subparts.[10]

## III. Motion to Strike [Doc. 55]

In his Motion to Strike, Plaintiff seeks this Court to impose sanctions upon Defendants for their failure to admit certain disputed facts in their Response to Plaintiff's requests for admission.[11] Plaintiff's arguments are baseless and frivolous. Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 55].

## IV. Motion to Appoint Counsel [Doc. 56]

At this case's outset, McNeill Stokes represented Plaintiff.[12] Expressing his dissatisfaction with his counsel's abilities, Plaintiff moved to proceed *pro se*,[13] and the Court granted his motion.[14] In his Motion to Appoint Counsel, Plaintiff now contends his purported lack of access to a law library, photocopier, court forms, and/or paper and his claimed inability to depose Defendants and/or interview former or current offenders constitute exceptional circumstances entitling him to an appointment of new counsel more to his liking.[15] But, "[p]risoners raising civil rights claims, like other civil litigants,

---

[8] Local Civil Rule 34; Fed. R. Civ. P. 34.
[9] Local Civil Rule 36; Fed. R. Civ. P. 36.
[10] Fed. R. Civ. P. 33(a)(1); Local Civil Rule 33.1.
[11] Doc. 55.
[12] Doc. 1.
[13] Doc. 38. In his Motion to Appoint Counsel, Plaintiff falsely represents that his former counsel moved to withdraw. Doc.  56 at 2.
[14] Doc. 45.
[15] Doc. 56.

have no absolute constitutional right to counsel."[16] Under 28 U.S.C. § 1915(e)(1), "a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist."[17] Exceptional circumstances include "the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'"[18] "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court."[19] Plaintiff is an experienced *pro se* prisoner litigant,[20] and the straightforward factual and legal issues raised in this § 1983 suit are not too novel or complex for him to represent himself effectively as shown by his voluminous filings in this Court. Indeed, Plaintiff's seven recently-filed, citation-laden motions to which he attached documentary exhibits belie his claim that his lack of access to legal research materials, a photocopier, court forms, and/or paper constitutes an exceptional circumstance preventing him from presenting the essential merits of his case. And while Plaintiff's confinement may restrict his ability to personally conduct certain depositions or interviews, such is true for all *pro se* prisoner litigants, and Plaintiff elected to terminate his former counsel's representation. Because exceptional circumstances do

---

[16] *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).

[17] *Redd v. Conway*, 160 F. App'x 858, 863 (11th Cir. 2005) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).

[18] *Kilgo*, 983 F.2d at 193 (quoting *Poole*, 819 F.2d at 1028).

[19] *Id.*

[20] Courts have recognized Oliver is a vexatious *pro se* litigant and have imposed filing restrictions upon him. *See Oliver v. Ameris Bank*, No. 21-13005, 2023 WL 6159997, at *1 (11th Cir. Sept. 21, 2023) (citing *Oliver v. Luner*, 2:18-cv-02562, 2018 U.S. Dist. LEXIS 220345 (C.D. Cal. Sep. 26, 2018)); *Oliver v. City of Pooler*, No. CV418-100, 2019 WL 1005198 (S.D. Ga. Feb. 28, 2019).

not justify an appointment of new counsel, the Court **DENIES** Plaintiff's Motion [Doc. 56].

## V. Motion for Joinder and to Add Parties [Doc. 57]

In his Motion for Joinder and to Add Parties, Plaintiff seeks leave to file a Second Amended Complaint adding defendants, asserting new claims, and alleging new facts.[21] Plaintiff filed this Motion over nine months after the time for amendments to the pleadings had expired.[22] Typically, the liberal standard under Fed. R. Civ. P. 15(a) governs whether a court should grant leave to amend. Under Rule 15(a), the court should freely give leave to amend when justice so requires.[23] But, when a motion to amend is filed after the time set forth in the Court's scheduling order, as here, the party must first demonstrate "good cause" under Rule 16(b).[24] The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"[25] Here, Plaintiff fails to identify any applicable reason why good cause exists to justify granting his request so late in this case's progression, and this Court finds none. Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 57].

---

[21] Doc. 57; Second Amended Complaint, Doc. 58.

[22] Doc. 57; Doc. 31 at 5.

[23] Fed. R. Civ. P. 15(a).

[24] *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

[25] *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes).

## VI. Motion for Leave to Interview Incarcerated Witnesses [Doc. 59]

In his Motion for Leave to Interview Incarcerated Witnesses, Plaintiff seeks leave to interview through electronic means a non-party inmate currently incarcerated at Rogers State Prison who allegedly witnessed material facts.[26] Plaintiff seeks to interview his potential witness for two hours via a Zoom or Webex videoconference to prepare for summary judgment and trial, yet Plaintiff fails to identify how he will pay for the videoconference's costs or why readily available written discovery methods would be insufficient for his purposes.[27] "Plaintiff's request to orally interview [an] inmate[] at [an]other institution[] implicates obvious institutional security concerns and would require substantial cooperation and assistance from prison officials and facilities who are not parties to this action."[28] Because a remote interview between two inmates poses logistical, financial, and security concerns and written discovery methods are readily available, the Court **DENIES** Plaintiff's Motion [Doc. 59].

## VII. Motion for Leave to Redact and File Confidential Information Under Federal Seal [Doc. 60]

In his Motion for Leave to Redact and File Confidential Information Under Federal Seal, Plaintiff seeks leave to redact and file under seal certain documents he anticipates

---

[26] Doc. 59.

[27] *Id.*

[28] *Sailem v. Emmons*, No. 4:22-CV-0230-WMR-WEJ, 2025 WL 2094045, at *1 (N.D. Ga. Jan. 2, 2025), *report and recommendation adopted sub nom. Sailem v. Ward*, No. 4:22-CV-00230-WMR, 2025 WL 2094043 (N.D. Ga. May 28, 2025).

he will receive during discovery, yet he has neither described those documents with specificity nor submitted them to the Court [Doc. 60]. Because the Court has not had an opportunity to conduct an *in camera* review of these documents, the Court **DENIES** Plaintiff's Motion as premature [Doc. 60]. The Court **ADVISES** Plaintiff to submit the documents he seeks to redact and file under seal to the Court before he files a motion requesting the same.

### VIII. Motion for Preliminary Injunction [Doc. 61]

In his Motion for Preliminary Injunction, Plaintiff seeks an injunction ordering Defendants to provide Plaintiff with access to a law library at Valdosta State Prison Annex where he is currently incarcerated.[29] Plaintiff alleges prison staff refuse to allow him to use the law library. As explained in this Court's Order denying Plaintiff's prior Motion for Law Library Access,[30] officials at Valdosta State Prison are not a party to this action, and thus, the Court has no jurisdiction to enforce an injunction against them.[31] Moreover, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."[32] Rather, an "inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that

---

[29] Doc. 61.

[30] Order on Motion to Proceed Pro Se and Motion to Access Law Library, Doc. 45.

[31] *See* In re *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Lab'ys.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (per curiam) (court lacks subject matter jurisdiction to issue injunction against non-party).

[32] *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

fundamental right of access to courts[.]"[33] To establish a relevant actual injury, the inmate must "demonstrate that the alleged shortcomings [in his access to] the library" or legal materials "hindered his efforts to pursue a legal claim[.]"[34] Nevertheless, the right of access to the courts does not require the State to "enable the prisoner to *litigate effectively* once in court."[35] Notably, Plaintiff is an experienced *pro se* prisoner litigant.[36] Plaintiff asserts his lack of access to legal research materials, specifically caselaw, results from a conspiracy led by Defendants and violates his right of access to the courts, but his seven citation-laden motions currently before the Court demonstrate his access to legal research materials is more than sufficient for him to pursue his legal claims. For the third time,[37] Plaintiff fails to show his right to access the courts has been violated, much less that any irreparable injury will result from his lack of law library access. Thus, the Court **DENIES** Plaintiff's Motion [Doc. 61].

## CONCLUSION

For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to Continue Discovery and **EXTENDS** the discovery period to January 6, 2026, and the dispositive motions deadline to February 6, 2026 [Doc. 51]. The Court **DENIES** Plaintiff's Motion for Additional Discovery [Doc. 52], Motion to Strike [Doc. 55], Motion to Appoint

---

[33] *Id.*

[34] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

[35] *Id.* at 354 (emphasis in original).

[36] *See supra* note 22.

[37] *See* Doc. 45; Order on Motions to Stay, Doc. 48.

Counsel [Doc. 56], Motion for Joinder and to Add Parties [Doc. 57], Motion for Leave to Interview Incarcerated Witnesses to Prepare for Trial [Doc. 59], Motion for Leave to Redact and File Confidential Information Under Federal Seal [Doc. 60], and Motion for Preliminary Injunction [Doc. 61].

      **SO ORDERED**, this 5th day of December, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT