IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY J. OLIVER,           :

                               :

      Plaintiff,          :

                               :

     v.               :        Case No. 5:24-cv-182-CAR

                               :

Commissioner TYRONE OLIVER,   :

Field Director STAN SHEPARD, and :

Deputy Field Director BENJAMIN  :

FORD,                   :

                               :

      Defendants.      :

_____  :

**ORDER**

Currently before the Court are *pro se* Plaintiff Anthony Oliver's Amended Motion for Leave to Interview Incarcerated Witnesses and Prepare for Trial [Doc. 63], Motion for Sanctions, Order to Show Cause, and Entry of Default [Doc. 64], Motion to Continue Discovery for 60 days [Doc. 66], and Motion to Continue Discovery for 90 days [Doc. 67]. Defendants do not oppose extending discovery by 90 days and do not object to Plaintiff propounding written discovery on an inmate who may be a witness to the extent this complies with Georgia Department of Corrections ("GDC") security procedures.[1]

---

[1] Doc. 70.

Plaintiff was incarcerated at the Valdosta State Prison Annex, but recently, Plaintiff was transferred to Washington State Prison.[2]

For the reasons explained below, the Court **CONSTRUES** Plaintiff's Amended Motion for Leave to Interview Incarcerated Witnesses and Prepare for Trial as a Motion for leave to conduct a deposition by written questions on a person confined in prison under Fed. R. Civ. P. 31(a)(2)(B) and **GRANTS** Plaintiff's request for leave to conduct a deposition by written questions on Inmate Robert Lee Ray [Doc. 63]. Further, the Court **GRANTS** Plaintiff's request to extend discovery by 90 days [Doc. 67]. As a result, the time for discovery will expire on **April 6, 2026**, and the deadline to file dispositive motions is **May 6, 2026**. Lastly, the Court **DENIES** all other relief requested in Plaintiff's four pending motions [Docs. 63, 64, 66, 67].

## DISCUSSION

**I. Amended Motion for Leave to Interview Incarcerated Witnesses and Prepare for Trial [Doc. 63]**

The Court denied Plaintiff's original motion requesting leave to interview through remote, electronic means Robert Lee Ray, a non-party inmate currently incarcerated at Rogers State Prison who allegedly witnessed material facts.[3] Now, in his Amended

---

[2] Doc. 65.
[3] Doc. 62 at 7.

Motion, Plaintiff seeks to propound written discovery on Inmate Ray in lieu of a remote, electronic oral deposition.[4] Because interrogatories cannot be served upon a non-party like Inmate Ray and Plaintiff seeks leave to interview a witness confined in prison by written means in lieu of a deposition by oral examination, the Court **CONSTRUES** Plaintiff's Motion as a Motion for leave to conduct a deposition by written questions on a person confined in prison under Fed. R. Civ. P. 31(a)(2)(B).

Defendants do not object to Plaintiff propounding written discovery on an inmate who may be a witness as long as such discovery complies with GDC security procedures.[5] The requested deposition by written questions does not appear to pose significant prison security concerns because Fed. R. Civ. P. 31 mandates the following: (1) Plaintiff must serve the written questions upon all parties and an officer, typically a court reporter; (2) the officer must take the deposition of Inmate Ray; and (3) Plaintiff must not attend the deposition. "Considering the financial and procedural impediments outlined [below], the Court is skeptical whether, as a practical matter, Plaintiff will be able to obtain the deposition by written questions."[6] Nevertheless, because Inmate Ray may have witnessed material facts and Defendants appear not to object as significant prison security concerns do not appear to be present, the Court **GRANTS** Plaintiff's request

---

[4] Doc. 63 at 1.
[5] Doc. 70 at 1.
[6] *Kerch v. Jones*, No. 4:22-CV-82-CDL-MSH, 2023 WL 12239930 (M.D. Ga. Feb. 2, 2023).

under Fed. R. Civ. P. 31(a)(2)(B) for leave to conduct a deposition by written questions on Inmate Ray. Accordingly, the Court **ADVISES** Plaintiff as follows: (1) "[t]he Court is not responsible for arranging or ordering depositions[;]" (2) "Plaintiff must abide by the applicable rules to take a deposition by written questions[;]" and (3) Plaintiff remains at all times "responsible for arranging the deposition[], properly noticing the deposition[], and paying the costs of the deposition[][.]"[7]

Plaintiff also appears to request the Court order non-party prison wardens to permit Plaintiff to serve written questions on Inmate Ray and to order defense counsel to serve that order upon those wardens. The Court **DENIES** such requests because they do not comply with Fed. R. Civ. P. 31 which mandates parties seeking to depose a witness serve their written questions on other parties and the officer taking the deposition, not the deponent, and this Court lacks jurisdiction to enforce an injunction against the non-party prison wardens.[8] In addition, as far as the Motion asks the Court to otherwise coordinate or provide Plaintiff any resources to take Inmate Ray's deposition by written questions, the Court **DENIES** the Motion.

Moreover, to the extent Plaintiff requests the Court grant leave to send informal written discovery requests to Inmate Ray other than written questions under Rule 31, the

---

[7] *West v. Temple*, No. 5:14-CV-86-MTT-MSH, 2015 WL 9595406, at *2 (M.D. Ga. Dec. 2, 2015), *report and recommendation adopted*, No. 5:14-CV-86(MTT), 2016 WL 51110 (M.D. Ga. Jan. 4, 2016).
[8] *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Lab'ys*. 72 F.3d 842, 842–43 (11th Cir. 1995) (per curiam) (court lacks subject matter jurisdiction to issue injunction against non-party).

4

Court **ADVISES** Plaintiff that the Federal Rules of Civil Procedure do not require him to obtain leave of court to conduct informal written discovery upon non-party witnesses, including those who are incarcerated. And to the extent Plaintiff requests the Court to order non-party prison officials to permit and/or facilitate this inmate-to-inmate correspondence, the Court **DENIES** Plaintiff's request because this Court lacks jurisdiction to enforce an injunction against non-parties.[9]

**II. Motion for Sanctions, Order to Show Cause, and Entry of Default [Doc. 64].**

In his Motion for Sanctions, Order to Show Cause, and Entry of Default, Plaintiff seeks this Court to order Defendants and their counsel be detained for "committing fraud, perjury, and other seditious crimes."[10] Plaintiff's arguments are baseless and frivolous. Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 64].

**III. Motion to Continue Discovery for 60 days [Doc. 66] and Motion to Continue Discovery for 90 days [Doc. 67]**

In his Motion to Continue Discovery for 60 days, Plaintiff seeks the Court to compel Defendants to respond to Plaintiff's alleged second set of discovery requests [Doc. 66]. Plaintiff's request is inappropriate for two reasons. First, regardless of a motion's title, this Court does not entertain motions to compel absent a certificate that the movant first

---

[9] *Id.*

[10] Doc. 64.

attempted to confer, in good faith prior to filing the motion, with the opposing parties to seek the requested information without court action.[11] While Plaintiff represents he contacted defense counsel for a joint motion to continue discovery by telephone and did not receive a response,[12] Plaintiff's motion is unaccompanied by such a certificate that the parties specifically attempted to resolve any dispute in anticipation of a motion to compel. Second, defense counsel represents during a recent telephone call, Plaintiff confirmed he never served the alleged second set of discovery requests.[13] Thus, the Court **DENIES** Plaintiff's request for an order compelling Defendants to respond to Plaintiff's alleged second set of discovery requests [Doc. 66].

In both his Motions to Continue Discovery, Plaintiff requests the Court to compel Defendants to comply with the Court's long-standing Order for defense counsel to provide Plaintiff with copies of discovery previously served upon Plaintiff's former counsel.[14] Defense counsel represents he provided Plaintiff with copies of "all (or essentially all)" Defendants' responses to Plaintiff's discovery requests previously served upon Plaintiff's former counsel, but defense counsel believes Plaintiff's prison transfers caused Plaintiff to misplace some copies of discovery.[15] Further, defense counsel represents Defendants will serve new duplicate copies of all discovery previously served

---

[11] Fed. R. Civ. P. 37; Local Rule 37.
[12] Doc. 66 at 2.
[13] Doc. 70 at 3.
[14] Docs. 66, 67.
[15] Doc. 70 at 4.

6

upon Plaintiff's former counsel.[16] Accordingly, the Court **DENIES as moot** Plaintiff's request for the Court to compel defense counsel to provide Plaintiff with copies of discovery previously served upon Plaintiff's former counsel.

Similarly, in both Motions, Plaintiff requests the Court to compel Defendants to provide Plaintiff with a free copy of his deposition transcript.[17] Fed. R. Civ. P. 30(f)(3) provides parties and deponents must pay court reporters for deposition transcripts. To the extent Plaintiff asserts this Court ordered otherwise, he displays his misunderstanding. Accordingly, the Court **DENIES** Plaintiff's request for the Court to compel defense counsel to provide Plaintiff with a free copy of his deposition transcript.

Lastly, in his Motion to Continue Discovery for 90 days, Plaintiff requests the Court extend discovery by 90 days.[18] Defendants do not oppose Plaintiff's request.[19] The Court **GRANTS** Plaintiff's request to extend discovery by 90 days [Doc. 67]. Accordingly, the Court **DENIES as moot** Plaintiff's request to extend discovery by 60 days [Doc. 66]. As a result, the time for discovery will expire on April 6, 2026, and the deadline to file dispositive motions is May 6, 2026.

---

[16] *Id.*

[17] Docs. 66, 67.

[18] Doc. 67.

[19] Doc. 70.

7

**CONCLUSION**

For the reasons explained above, the Court **CONSTRUES** Plaintiff's Amended Motion for Leave to Interview Incarcerated Witnesses and Prepare for Trial as a Motion for leave to conduct a deposition by written questions on a person confined in prison under Fed. R. Civ. P. 31(a)(2)(B) and **GRANTS** Plaintiff's request for leave to conduct a deposition by written questions on Inmate Robert Lee Ray [Doc. 63]. Further, the Court **GRANTS** Plaintiff's request to extend discovery by 90 days [Doc. 67]. As a result, the time for discovery will expire on **April 6, 2026**, and the deadline to file dispositive motions is **May 6, 2026**. Lastly, the Court **DENIES** all other relief requested in Plaintiff's four pending motions [Docs. 63, 64, 66, 67].

   **SO ORDERED,** this 19th day of February, 2026.

                              S/ C. Ashley Royal_____
                              C. ASHLEY ROYAL, SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

8